UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDALL R. NEAL,

        Petitioner,                               Case No.  22-10210
                                                                  Honorable Gershwin A. Drain

v.

CHANDLER CHEEKS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I.  INTRODUCTION**

Michigan prisoner Cordall R. Neal, currently confined at the Thumb Correctional Facility, in Lapeer, Michigan has filed a "Motion Seeking Release From Custody, 28 U.S.C. § 2241 Due to Covid-19 and Variant – Motion for Reduction of Sentence."  (ECF No. 1.)  Neal is serving a non-parolable life sentence for first-degree premeditated murder, Mich. Comp. Laws § 750.316. *People v. Neal*, No. 246031, 2004 WL 2049768, at *1 (Mich. Ct. App. Sept. 14, 2004 ).  The petition does not challenge the constitutionality of Neal's murder conviction.  Instead, Neal, who has tested positive for Covid-19, seeks immediate release because he claims that Covid-19 cases are surging within his current

facility placing him in imminent risk of serious harm. The Court dismisses the petition without prejudice, denies a certificate of appealability, and grants leave to proceed in forma pauperis on appeal.

## II. DISCUSSION

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 is proper where a petition raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

2

round of the State's established appellate review process."). The claims must be "fairly presented" to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A prisoner fairly presents his claims by asserting the factual and legal bases for the claims in the state courts, *id*., and by raising them as federal constitutional issues. *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020).

    Petitioner neither alleges nor establishes that he has exhausted available remedies in the state courts. The Sixth Circuit Court of Appeals has specifically held that a prisoner who files a habeas petition seeking release for Covid-19-related reasons must first exhaust state court remedies. *Carter v. Cheeks*, No. 21-1171, 2021 WL 3671139, at *2 (6th Cir. July 23, 2021). In Michigan, prisoners may seek release from confinement based on Eighth Amendment violations by filing "post-conviction motions, state habeas corpus petitions, and civil actions" in state court. *Id.* Because it appears state remedies are available to him, Neal must pursue those remedies prior to filing a federal habeas petition.

## III. Order

For the reasons stated, the Court holds that Neal did not exhaust available state court remedies before seeking federal habeas review. Accordingly, the Court DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus.

Before Neal may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Neal makes no such showing. Accordingly, the Court DENIES a certificate of appealability.

The Court GRANTS Neal leave to proceed in forma pauperis on appeal as an appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

SO ORDERED.

                                           s/Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           UNITED STATES DISTRICT JUDGE

DATED: April 28, 2022